AMANDA L. ROCKMAN, Associate Judge.
INTRODUCTION
The Court must determine whether to grant the defendants’ Motion(s) to Dis *429 miss. The Court concludes that there is no legal ground for dismissal based upon the defendants’ Motions. Therefore, the Court denies the defendants’ July 2010 Motion to Dismiss.
PROCEDURAL HISTORY
The plaintiff, Rita A. Gardner, initiated the current action by filing Complaint with the Court on June 2, 2010. Consequently, the Court issued Summons accompanied by the above-mentioned Complaints on June 3, 2010, and delivered the documents by personal service to the defendant’s representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ).[1] The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(B). The Summons also cautioned the defendant that a default judgment could result from failure to file within the prescribed time period.
The defendant timely filed Answers in June 2010. On July 7, 2010, July 9, 2010, and July 12, 2010, the defendants filed Motions to Dismiss. On July 22, 2010, the plaintiff filed her Response to Motion to Dismiss. On September 23, 2010, the Court convened a Hearing for the purpose of allowing the parties to present oral arguments regarding the defendants’ Motion to Dismiss and the plaintiff’s Response to Motion to Dismiss.
APPLICABLE LAW
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 56. Dismissal of Actions.
(A)Voluntary Dismissal. A plaintiff may file a Notice of Dismissal any time prior to the filing of an Answer. The Complaint will be dismissed without prejudice.
(B) Involuntary Dismissal. After an Answer has been filed, a party must file a Motion to Dismiss. A Motion to Dismiss will be granted at the discretion of the Court. A Motion to Dismiss may be granted for a lack of jurisdiction; if there has been no Order or other action in a case for six (6) months; if a party substantially fails to comply with these rules; if a party substantially fails to comply with an order of the Court; if a party fails to establish the right to relief following presentation of all evidence up to and including trial; or, if the plaintiff so requests.
(C) Sua Sponte Dismissal. The Court, on its own motion, may move to dismiss an action if there has been no filing or other activity on the record for six (6) months, if a party substantially fails to comply with these rules, or if a party substantially fails to comply with an order of the Court. The Court shall give written Notice to all parties that the action will be dismissed after thirty (30) calendar days unless good cause is shown in writing prior to the end of the thirty day period. No further Notice is necessary for the Court to enter a dismissal.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a *430 substantial legal error whieh affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rides of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
DECISION
The defendants have not articulated a ground for dismissal of this case under Rule 56 and therefore, the defendants’ Motion to Dismiss is denied. In this instance, the defendants are asking for a dismissal of a claim because of failure to state a claim upon which relief can be *431 granted. Without determining the merits of the defendants’ contentions, the Court finds that such a contention does not provide the Court with grounds for dismissal. The Court is not convinced that the defendants’ contention proves a lack of jurisdiction over the plaintiffs claim, or that it indicates a failure to comply with the Ho-Chunk Nation Rules Of Civil Procedure or an order of this Court. Accordingly, the Court finds that the defendants have not alleged any valid ground for the dismissal of the plaintiffs claim under Rule 56. The July 2010 Motions to Dismiss are denied.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure [hereinafter HCN R.App. P.\ specifically [HCN R.App. P.], Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within thirty (BO) calendar days after the day such judgment or order was rendered, file with the [Supreme Court] Clerk of Court, a Notice of Appeal from such judgment or order, together with a filing fee of thirty-five dollars ($35 U.S.).” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.]” HCN R. Civ. P. 61.

. The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) permit the Court to serve the Complaint upon the DOJ when the plaintiff/petitioner names as a party either a unit of government or enterprise or an official or employee being sued in [heir official or individual capacity. HCN R. Civ. P. 27(B).